# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF:<br>ATIYEH | CIVIL ACTION NO. 21-2381<br>Bankruptcy No. 19-15156 |

## OPINION

Rufe, J.                                                                           March 31, 2022

Debtor Dennis Atiyeh appeals from the order of the Bankruptcy Court dismissing his bankruptcy case with prejudice and barring him from filing another case under the United States Bankruptcy Code for three years without leave of court.[1] The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157(a) and (b) and 1334(a), and this Court has jurisdiction over the appeal of a final order of the Bankruptcy Court under 28 U.S.C. § 158(a)(1). For the following reasons, the Court will affirm the order of the Bankruptcy Court, and writes primarily for the parties, who are familiar with the Debtor's bankruptcy cases.[2]

## I. STANDARD OF REVIEW

In reviewing the decision of a bankruptcy court, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings."[3] A district court reviews the bankruptcy court's "legal determinations de novo, its

---

[1] Notice of Appeal [Doc. No. 1].

[2] Appellant never filed his appellate brief in this Court as required by Federal Rule of Bankruptcy Procedure 8011 and this Court's Order of August 17, 2021. [Doc. No 9]. An appeal may be dismissed for failure to file an appeal brief. *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017). However, in the interests of justice the Court will consider the brief because the United States Trustee received the brief, responded to it, and included it in Appellee's appendix. Appellee's Br., App. II [Doc. No. 10-2] at A256. All appendix citations herein are to Appellee's appendix.

[3] *In re Cohen*, 106 F.3d 52, 55 n.1 (3d Cir. 1997) (quoting former Fed. R. Bankr. P. 8013). As another court has noted, the 2014 amendments to the Federal Rules of Bankruptcy Procedure removed former Rule 8013, but "[d]espite the omission of what existed as Rule 8013 prior to December 2014, logic still compels the same conclusion with respect to the appellate powers of the District Court." *In re Great Atl. & Pac. Tea Co., Inc.*, No. 14-

factual findings for clear error, and its exercise of discretion for abuse thereof."[4] A finding of fact is "clearly erroneous" when it is "completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supporting evidentiary data."[5] "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts."[6] An order dismissing a case for cause under 11 U.S.C. § 1112(b) and an order imposing a filing bar under 11 U.S.C. § 349(a) are reviewed for abuse of discretion.[7] The Court's review is limited to the record before the Bankruptcy Court.[8]

## II. BACKGROUND

In this case, Debtor proposed multiple plans that the Bankruptcy Court determined were not confirmable. On January 14, 2021, the Bankruptcy Court denied confirmation of Debtor's latest chapter 11 plan.[9] Debtor moved for reconsideration, which was denied on February 1, 2021.[10] Debtor then filed another plan of reorganization on February 4, 2021.[11] The United States Trustee objected to confirmation of the latest plan and moved to dismiss the case with prejudice and to impose a filing ban on Debtor.[12] The Bankruptcy Court held a telephonic

---

4170, 2015 WL 6395967, at *2 n.1 (S.D.N.Y. Oct. 21, 2015); *accord Hoover v. Jones*, 546 B.R. 12, 19 n.4 (B.A.P. 6th Cir. 2016) (although the language governing appeals was omitted, "the Panel holds that the standard of review, which is well established by case law, has not changed.").

[4] *In re O'Brien Env't. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

[5] *Kool, Mann, Coffee & Co. v. Coffey*, 300 F.3d 340, 353 (3d Cir. 2002) (quoting *Hoots v. Pennsylvania*, 703 F.2d 722, 725 (3d Cir. 1983)).

[6] *Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods.*, 310 F.3d 118, 122 (3d Cir. 2002) (quoting *In re O'Brien*, 188 F.3d at 122)) (internal quotation marks omitted).

[7] *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999) (§ 1112(b)); *In re Casse*, 198 F.3d 327, 341 (2d Cir. 1999).

[8] 28 U.S.C. § 158; *In re Indian Palms Assocs.*, 61 F.3d 197, 210 n. 19 (3d Cir. 1995).

[9] A113.

[10] A114, A118.

[11] A119.

[12] A133, A143.

hearing on both confirmation of the amended plan and the motion to dismiss on April 6, 2021.[13] Debtor participated in the hearing. The Bankruptcy Court determined that the amended plan was not confirmable and scheduled an evidentiary hearing on the motion to dismiss for May 4, 2021, to be held by Zoom videoconferencing.[14] Debtor objected to the hearing being held by Zoom, but the Bankruptcy Court denied Debtor's objection by order dated April 23, 2021, noting that all hearings were held remotely because of the COVID-19 pandemic, and that Debtor had appeared by Zoom at a hearing held on March 16, 2021.[15]

Debtor appeared at the hearing on May 4, 2021, by telephone, and objected to proceeding by Zoom, arguing that he wanted an in-person hearing so that he could see the documents that would be referenced, that he lacked the technological ability to use Zoom, and that "the Chinese and the like" might be taping the hearing.[16] The Bankruptcy Court noted that the courts were closed because of the pandemic, that all documents had been sent to Debtor's home, that other courts used Zoom and the only person recording the hearing was the court reporter, and that Debtor had appeared by Zoom at a hearing on March 16, 2021,[17] and had a website, email and YouTube videos.[18] The Bankruptcy Court stated that the hearing would proceed; Debtor announced that he was going to hang up the phone, and presumably did so.[19]

---

[13] A157.

[14] A172–73. The order denying confirmation of the amended plan was entered on April 6, 2021. A183.

[15] A199-200.

[16] A216–20.

[17] There is no transcript of the March hearing on the docket of the bankruptcy court. Notice of Appeal, Attach. 1 [Doc. No. 1-1] at 27.

[18] A219.

[19] A220.

3

In the hearing, the United States Trustee introduced exhibits demonstrating that over the four bankruptcy cases that he had filed since 2016, Debtor's monthly income had not increased and did not show that an ability to fund a plan.

At the end of the hearing, the Bankruptcy Court ruled that:

> I agree that there's been a failure to move this case forward. There's been intentional delays all through it, and obviously, an inability to confirm any plan. And I do agree that there has been bad faith in the pattern and practice of filing several petitions over the last several years. So given that, I will grant the order dismissing the case. I will put in place a bar for three years. It's not permanent but I think that's a decent enough time to give the creditors the opportunity to move forward in state court if they need to try and collect. And it gives him the opportunity, as well, to file a petition if he feels that he has the ability to change things around. But it does at least prevent him from automatically refiling.[20]

The same day the Bankruptcy Court entered the order dismissing the case with prejudice and barring Debtor from filing another bankruptcy case within three years without leave of court.[21] Debtor appeals from this order.

### III.   DISCUSSION

In this appeal, Debtor raises several issues in cursory fashion.[22] Debtor primarily argues his rights were violated when the Bankruptcy Court held the hearing by Zoom, citing "technical, legal, personal, and religious reasons" for his refusal to participate.[23]

---

[20] A246–47.

[21] A250.

[22] The Third Circuit has "consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing." *Barna*, 877 F.3d at 145. This means arguments raised previously must also be deemed to have been sufficiently addressed; it "will not suffice" if appellant simply makes "a passing reference to an issue." *In re Mullarkey*, 536 F.3d 215, 224 n.7 (3d Cir. 2008) (rejecting argument in opening brief where Appellant failed to provide support for argument) (quoting *Laborers' Int'l. Union of N. Am., AFL–CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994). Although the arguments of pro se litigants are construed liberally, they "must abide by the same rules that apply to all other litigants." *Zimmermann v. U.S. Nat'l Lab. Rels. Bd.*, 749 F. App'x 148, 150 (3d Cir. 2019) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

[23] A256.

Federal Rule of Civil Procedure 43(a), which the Bankruptcy Court cited, allows for the contemporaneous transmission of an available witness's testimony "[f]or good cause in compelling circumstances and with appropriate safeguards."[24] Numerous courts have held that the COVID-19 pandemic constitutes compelling circumstances. [25]

Debtor had joined a Zoom hearing less than two months earlier. Even if Debtor could not participate by video on May 4, 2021, he has given no reason why he could not have stayed in the hearing by telephone. Debtor had copies of all of the exhibits that were to be introduced at the hearing at his home and was able to call in without using Zoom. The Bankruptcy Court did not abuse its discretion in holding the hearing by Zoom.[26]

Debtor also argues that he was not given sufficient time to hire new counsel and prepare for the hearing. In denying the motion to extend Debtor's confirmation plan, the Bankruptcy Court held that:

> The Debtor continues to aver that he has not had the opportunity to seek legal counsel in filing an amended plan. I have reminded the Debtor in open court and in orders of this Court, that proceeding in this case without the benefit of legal counsel was at his own peril. He nonetheless elected to discharge Mr. Cook in

---

[24] Fed. R. Civ. P. 43(a).

[25] *See, e.g., House v. Players' Dugout, Inc.*, No. 16-594, 2021 WL 4898071, at *14 (W.D. Ky. Oct. 20, 2021) (allowing three witnesses to testify remotely at trial by video, considering "the distance of these witnesses, the short nature of their expected testimony (less than an hour) with minimal exhibits, the continuing nature of the COVID-19 pandemic, and the burden appearing at trial would place on them"); *Le v. Reverend Dr. Martin Luther King, Jr. Cnty.*, No. 18-0055, 2021 WL 859493, at *2 (W.D. Wash. Mar. 8, 2021) (holding that the court had the authority to convene an entire jury trial by remote means and that the pandemic constituted good cause justifying remote proceedings); *Kieffaber v. Ethicon, Inc.*, No. 20-1177, 2021 WL 425822, at *5 (D. Kan. Feb. 8, 2021) (finding that the pandemic constituted good cause and compelling circumstances to justify use of videoconferencing technology for a jury trial and that a remote trial was preferable to a further delayed trial); *Argonaut Ins. Co. v. Manetta Enters., Inc.*, No. 19-482, 2020 WL 3104033, at *1 (E.D.N.Y. June 11, 2020) (finding the current pandemic as constituting good cause and a compelling circumstance justifying a remote three-day bench trial regarding the narrow issue of damages); *Julian Liu v. State Farm Mut. Auto. Ins. Co.*, 507 F. Supp. 3d 1262 (W.D. Wash. 2020) (finding that the pandemic constituted good cause and compelling circumstances to justify use of videoconferencing technology for a jury trial).

[26] *See Toland v. Phoenix Ins. Co.*, 855 F. App'x 486, 491 n.9 (11th Cir. 2021) (holding that it was not an abuse of discretion to hold hearings telephonically in the midst of an ongoing global pandemic "that required courts to adjust hearing formats when possible to ensure the safety of court personnel and parties").

December 2020 and in the four (4) months since then has not retained alternate counsel, despite there being ample time to do so.

In the February 1st Order denying his Motion to Reinstate the Plan, I again cautioned the Debtor:

> The Court further notes that the Debtor is not new to the bankruptcy system and was present when his former Counsel moved for extension of the [§1129(e)] deadline numerous times in this case. This Court advised the Debtor that even though he was proceeding *pro se*, he would be held to the same standards as when he was represented by legal counsel, including all relevant rules of Court and deadlines. The Debtor made the conscious choice to continue his Chapter 11 small business case without legal representation. The Debtor is therefore responsible for complying with all deadlines.[27]

The record thus belies Debtor's argument that he had no opportunity to hire an attorney after his previous counsel withdrew. Moreover, to the extent that Debtor attributes errors or missed deadlines to his counsel, he hired the attorney and thus is bound by the actions of his chosen counsel.[28] To the extent Debtor argues that he should not have been required to proceed without an attorney, there is no right to counsel in a bankruptcy case, or in other civil cases.[29]

Debtor also argues that the Bankruptcy Court failed to grant him a continuance before the hearing on the motion to dismiss. Although this particular continuance was denied, the docket and the record show that the Bankruptcy Court often granted continuances, including moving the hearings on confirmation and dismissal from March 16 and 18, 2021, to April 6, 2021, and then setting a further evidentiary hearing for May 4, 2021 (to which Debtor objected). Debtor has not shown an abuse of discretion or prejudice in the Bankruptcy Court's management of its calendar.

---

[27] A204.

[28] *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962) (holding that in "our system of representative litigation . . . each party is deemed bound by the acts of his lawyer agent."); *Cranmer v. Harleysville Ins. Co.*, 719 F. App'x 95, 102 (3d Cir. 2017).

[29] *Neal v. CGA Law Firm*, No. 19-2078, 2021 WL 1635848 (M.D. Pa. Apr. 27, 2021) (bankruptcy cases); *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) (civil cases).

Debtor claims that the United States Trustee engaged in perjury, fraud and discrimination. These serious allegations are unsupported by any citation to evidence in the record. Debtor argues that the motion to dismiss falsely stated that Debtor had not filed monthly operating reports as required.[30] The motion so states, but at the time the motion was filed, the November and December 2020 reports had been belatedly filed the previous day and had not been entered on the docket.[31] Significantly, at the hearing on April 6, 2021 (in which Debtor participated), the United States Trustee informed the Court that although the February report had not appeared yet on the docket, "otherwise, Mr. Atiyeh's correct, he's compliant with the filing of other reports and payment of statutory fees."[32] Therefore, the United States Trustees made sure the record was correct before the Bankruptcy Judge ruled.

When the Bankruptcy Court dismissed the case, it had been pending for nearly two years, and six plans had been considered and rejected, including for failure to provide for the repayment of priority claims.[33] A chapter 11 case may be dismissed for cause for a number of reasons, including the failure to confirm a plan.[34] A petition also may be dismissed for cause if not filed in good faith.[35] The Bankruptcy Court did not abuse its discretion by considering the inability to produce a confirmable plan even after extending the time to do so,[36] as well as Debtor's three

---

[30] A136.

[31] A25, A127–29, A130–32.

[32] A168.

[33] A167.

[34] 11 U.S.C. § 1112(b)(4)(J).

[35] *In re SGL Carbon Corp.*, 200 F.3d 154, 160 (3d Cir. 1999).

[36] A96.

previous bankruptcy cases, the last of which was also dismissed with prejudice with a filing bar.[37] The order of the Bankruptcy Court will be affirmed. An order will be entered.

---

[37] *In re Atiyeh*, No. 10-20557 (Bankr. E.D. Pa. Mar. 1, 2010); *In re Atiyeh,* No. 15-16849 (Bankr. E.D. Pa. Sept. 22, 2015); *In re Atiyeh*, No. 16-14401 (Bankr. E.D. Pa. June 21, 2016).